706 P.2d 71

**Gilbert FLORES, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 15566.

Court of Appeals of Idaho.

July 10, 1985.

Review Denied Sept. 30, 1985.

Alan E. Trimming and Amil N. Myshin, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for respondent.

Before DONALDSON, Acting C.J., and BAKES and OLIVER, Acting JJ.

BAKES, Acting Judge.

Gilbert Flores was convicted of manslaughter and was sentenced to serve a 10-year sentence in the Idaho Penitentiary. The 10-year sentence was imposed on November 29, 1977. Flores was actually confined until November 18, 1981, when he was paroled under the supervision of the Board of Corrections. Flores violated his parole and was reincarcerated on November 3, 1983. The parole board rejected Flores' request that the 719 days which he had spent on parole be credited toward his 10-year sentence, based upon I.C. § 20–228 [1] which clearly provides that the time spent on parole shall not be considered to have been served as a part of a prisoner's

1. "20-228. Conditions of parole to be specified in writing—Warrant for arrest of suspected violators—Effect of suspension and arrest. —The commission for pardons and parole, in releasing a person on parole, shall specify in writing the conditions of his parole, and a copy of such conditions shall be given to the person paroled. Whenever the commission finds that a prisoner may have violated the conditions of his parole, the written order of the commission, signed by a member or members of the commission, shall be sufficient warrant for any law

sentence when that prisoner is recommitted following a parole violation. Flores acknowledges that I.C. § 20–228 does not permit the crediting of the time spent on parole, and raises on appeal the sole issue of the unconstitutionality of I.C. § 20–228.

The Idaho legislature has plenary authority to legislate. Unlike the United States Constitution, which grants the Congress of the United States power to legislate only in those areas authorized by the Constitution, the Idaho Constitution grants the Idaho legislature plenary authority to legislate in all matters except those matters prohibited or limited by the Idaho Constitution. Accordingly, unless a prohibition is found in the Idaho Constitution, the Idaho legislature has plenary authority to legislate on any subject. *Standlee v. State*, 96 Idaho 849, 852, 538 P.2d 778 (1975). "The state constitution is not a grant but a limitation on legislative power so that the legislature may enact any law not expressly or inferentially prohibited by the state or federal constitutions. *Idaho Power & Light Co. v. Blomquist*, 26 Idaho 222, 141 P. 1083 (1914); *St. Joe Improvement Co. v. Laumierster*, 19 Idaho 66, 112 P. 683 (1910)." *Standlee v. State*, 96 Idaho at 852, 538 P.2d at 781. Based upon the foregoing, this Court has consistently held that a person challenging the constitutionality of a statute must overcome the presumption in favor of constitutionality and clearly show the invalidity of the statute. A court is without the power to invalidate or nullify an enactment of the legislature unless it clearly violates the Constitution, and every reasonable presumption must be indulged

in favor of the constitutionality of the enactment. *School Dist. ≠ 25 v. State Tax Comm'n*, 101 Idaho 283, 612 P.2d 126 (1980). We do not find Flores' attempt to overcome this presumption of constitutionality to be persuasive.

█ As his sole ground for asserting that I.C. § 20–228 is unconstitutional, Flores alleges that the statute violates the separation of powers doctrine of Art. 2, § 1, of the Idaho Constitution.[2] Flores argues that the legislature, in delegating the authority to parole prisoners to the Board of Corrections but then limiting this authority in I.C. § 20–228 by not permitting the board to credit time on parole against the sentence if the parole is violated, has allowed the board to extend a prisoner's sentence beyond the sentence imposed by the sentencing judge. However, Flores' argument is based upon the premise that time served on parole is the same as time served in a correctional institution. That premise is erroneous. Time served on parole is not the same as time served in a correctional institution. Parole is a gratuity "which shall be ordered only for the best interests of society, not as a reward of clemency." I.C. § 20–223.

Flores' reliance on *Standlee v. State*, *supra*, as authority for the proposition that a parolee continues to serve his sentence during the parole period, is misplaced. In fact, the holding in the *Standlee* case was that I.C. § 20–223, which limited the power of the State Board of Corrections to grant parole to those convicted of certain serious crimes before they had served one-third of their sentence, did not violate the separa-

---

enforcement officer to take into custody such person, and it is hereby made the duty of all sheriffs, police, constables, parole and probation officers, prison officials and other peace officers, to execute such order. Such warrant shall serve to suspend the person's parole until a determination on the merits of the allegations of the violation has been made after hearing. From and after the issuance of the warrant and suspension of the parole of any convicted person and until his arrest, he shall be considered a fugitive from justice. *Such person so recommitted must serve out his sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof, but nothing*

*herein contained shall prevent the commission from again paroling such prisoners at its discretion.*

2. "[Art. 2] § 1. Departments of government.—The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

184

tion of powers doctrine of Art. 2, § 1, of the Constitution, and that I.C. § 20–223 was specifically authorized by Art. 10, § 5, of the Constitution, which authorized the legislature to establish the powers and duties of the State Board of Corrections. *Standlee v. State, supra.*

 A reading of the Idaho Constitution indicates that I.C. § 20–228 is constitutional. Idaho Constitution, Art. 2, § 1, directs that the state government shall be separated into three distinct departments *"except as in this constitution expressly directed or permitted."* (Emphasis added.) Idaho Constitution, Art. 4, § 7, directs that a board of pardons shall be created by legislative enactment. Idaho Constitution, Art. 4, § 7, further provides, *"The legislature shall by law* prescribe the sessions of [the board of pardons] and the manner in which application shall be made, and *regulate proceedings* thereon . . . ."* (Emphasis added.) Idaho Constitution, Art. 10, § 5, provides for the establishment of the State Board of Corrections. The board of corrections is to "have the control, direction, and management of the penitentiaries of the state . . . and of adult probation and parole, *with such compensation powers, and duties as may be prescribed by law."* (Emphasis added.) In 1978, Art. 5, § 13, of the Idaho Constitution, dealing with the power of the judicial department, was amended to provide "that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced."

Reading all of these constitutional and statutory provisions together, and recognizing that the separation of powers doctrine of Art. 2, § 1, of the Idaho Constitution applies "except as in this constitution expressly directed or permitted," it is clear that the legislature, in enacting I.C. § 20–228 was acting pursuant to both its inherent and express constitutional authority set out in the Idaho Constitution. Accordingly, we affirm the decision of the district court which held that, pursuant to I.C. § 20–228, Flores was not entitled to have the 719 days which he spent on parole credited toward his ten-year sentence.

Affirmed.

DONALDSON, Acting C.J., and OLIVER, Acting J., concur.