81 P.3d 421

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brandy BYINGTON, Defendant–Appellant.**

**No. 28737.**

Court of Appeals of Idaho.

Oct. 6, 2003.

Review Dismissed Oct. 28, 2003.

**517**

Belnap Curtis, PLLC, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Brandy Byington seeks to have her judgment of conviction for felony injury to a child reversed on the ground that she has been subjected to double jeopardy. We affirm.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

On July 17, 1998, Brandy Byington instructed her children, six-year-old Sky and four-year-old Tawney, to remain downstairs watching television while she went to a supermarket. A swimming pool was in the backyard. While Byington was gone, the children left the basement, and Sky pushed his sister into the swimming pool. Tawney died as a consequence.

Byington was indicted for felony injury to a child, Idaho Code § 18–1501(1). She moved for dismissal of the charge asserting, among other things, that the indictment did not state all the elements of the charged felony. The district court denied the motion, and Byington ultimately pleaded guilty. She then appealed, challenging the conviction on the ground that the indictment was jurisdictionally defective for failing to allege an essential element of the offense. This Court agreed with Byington's contention, and therefore vacated the conviction. *State v. Byington,* 135 Idaho 621, 624, 21 P.3d 943, 946 (Ct.App.2001).

Following our decision on that appeal, the State recharged Byington with felony injury to a child, this time properly alleging all elements of the offense. Byington moved to dismiss on the basis that the second prosecution was barred by constitutional and statutory prohibitions against double jeopardy. After the district court denied her motion, Byington entered a conditional plea of guilty, reserving the right to appeal the denial of the dismissal motion.

## II.

## ANALYSIS

■ Byington contends that her reprosecution is barred by the prohibitions against double jeopardy found in the Fifth Amendment of the United States Constitution, Art. 1, § 13 of the Idaho Constitution, and Idaho Code §§ 19–1719 and 19–3902. This contention presents a question of law subject to our free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct.App.2000).

■ The Double Jeopardy Clause of the Fifth Amendment provides that, "[n]o person shall be ... subject for the same offense to be twice put in jeopardy of life or limb." As interpreted by the United States Supreme Court, this clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *United States v. Di-Francesco*, 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328, 340 (1980); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664 (1969). Byington asserts that her prior conviction or jeopardy in the first case triggers this constitutional protection, precluding her reprosecution for the same offense.

■ Byington's argument overlooks well-settled limitations upon the operation of the Double Jeopardy Clause. Where a defendant has sought and obtained reversal of a conviction on grounds other than the insufficiency of the evidence, double jeopardy principles do not prevent a second trial. *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); *State v. Avelar*, 124 Idaho 317, 321 n. 2, 859 P.2d 353, 357 n. 2 (Ct.App.1993). Byington's specific circumstance, where a prior conviction was reversed due to the failure of the charging document to allege all the elements of the offense, was addressed by the United States Supreme Court in *Ball v. United States*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). In that

case, three defendants were charged with murder. At a jury trial, two defendants were found guilty and the third was acquitted. On the appeal of the convicted defendants, the Supreme Court held that the indictment by which they were charged was fatally defective for failing to allege either the time or place of the victim's death, and the Court therefore reversed the judgments of conviction. Another indictment was then obtained against all three defendants, each of whom raised a plea of former jeopardy. Those pleas were overruled by the trial court, and the three defendants were tried and found guilty. The matter was again appealed to the Supreme Court. As to the defendant who had been acquitted in the first trial, the Court held that the verdict of acquittal was a bar to a second indictment for the same killing, notwithstanding the jurisdictional flaw in the indictment. As to the other two defendants, however, the Court held that a second prosecution was permissible. The Court stated, "[I]t is quite clear that a defendant who procures a judgment against him upon an indictment to be set aside may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted." *Id.* at 672, 16 S.Ct. at 1196, 41 L.Ed. at 303. In *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), the Supreme Court explained the rationale for the principle that a reversal of a conviction on grounds other than insufficiency of the evidence does not prevent reprosecution: "This rule rests on the premise that the original conviction has been nullified and 'the slate wiped clean.' " *Id.* at 442, 101 S.Ct. at 1860, 68 L.Ed.2d at 280 (quoting *Pearce*, 395 U.S. at 721, 89 S.Ct. at 2078, 23 L.Ed.2d at 667). It is thus apparent that the Fifth Amendment presents no bar to Byington's second prosecution.[1]

■ In addition to her reliance upon the Double Jeopardy Clause, Byington contends

---

1. Byington has presented no argument that the Double Jeopardy Clause of Article I, Section 13 of the Idaho Constitution affords a greater scope of protection than the corresponding clause of the Fifth Amendment. Therefore, we do not

separately address the state constitution. *See State v. Talavera*, 127 Idaho 700, 703, 905 P.2d 633, 636 (1995); *State v. Cooper*, 136 Idaho 697, 699 n. 1, 39 P.3d 637, 639 n. 1 (Ct.App.2001).

that her reprosecution is barred by I.C. § 19–1719, which provides:

When the defendant is convicted or acquitted, or has once been placed in jeopardy upon an indictment, the conviction, acquittal or jeopardy is a bar to another indictment for the offense charged in the former, or for an attempt to commit the same, or for an offense included therein, of which he might have been convicted under that indictment.

Byington's argument raises the question whether this statute provides any broader protection than that afforded by the Fifth Amendment.

We have found no reported case, and appellant has cited none, that has interpreted § 19–1719 as providing protection exceeding the constitutional safeguard, at least with respect to that portion of § 19–1719 barring an indictment for the same "offense charged in the former." It would be a radical addition to constitutional protections if a defendant could plead guilty on a defective indictment and then escape punishment based upon a successful appeal of the jurisdictionally defective conviction. Byington has not advanced any reason to conclude that in enacting this statute, the Idaho legislature intended such a result. Therefore, we hold that the portion of I.C. § 19–1719, providing that "the conviction, acquittal or jeopardy is a bar to another indictment for the offense charged in the former," does not bar a second prosecution where an initial conviction was reversed on appeal due to a jurisdictional deficiency in the charging document.

Byington has also alluded to I.C. § 19–3902 as barring the second prosecution, but she has advanced no argument as to how this statute entitles her to any relief. This statute addresses the authority of a prosecuting attorney to file a corrected complaint (not an indictment or information) in the same proceeding that was initiated by a defective complaint. On its face, it does not purport to apply to the opening of a new criminal case after a conviction has been vacated on appeal.

Based on the foregoing, we conclude that appellant's reprosecution is not barred by the Double Jeopardy Clause nor by I.C. § 19–1719 or § 19–3902.

The judgment of the district court is therefore affirmed.

Judge PERRY and Judge GUTIERREZ concur.