108 P.3d 417

Michael GIBSON, Petitioner–Appellant,

v.

Ken BENNETT, Warden, Respondent.

No. 30763.

Court of Appeals of Idaho.

Jan. 11, 2005.

Review Denied March 16, 2005.

Michael Gibson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark Alan Kubinski, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Michael Gibson appeals from the district court's order dismissing his petition for writ of habeas corpus. We affirm.

## I.

### FACTS AND PROCEDURE

In 1997, Gibson was sentenced to the custody of the Board of Correction on two judgments of conviction for felony driving under the influence (DUI). Gibson was sentenced to a unified term of five years, with a minimum period of confinement of three years, for the first DUI and to a consecutive unified term of five years, with a minimum period of confinement of three months, for the second DUI. Gibson served the determinate portions of his sentences at the Idaho State Correctional Institution (ISCI) and became eligible for parole. Gibson was released on parole twice. After each release, due to violations by Gibson, his parole was revoked and he was returned to ISCI. As a result of these parole revocations, Gibson was required to forfeit 314 days that he spent on parole, which were not counted towards the completion of his sentences. Gibson petitioned the district court for a writ of habeas corpus, arguing that Ken Bennett, in his capacity as warden of ISCI, violated the United States and Idaho Constitutions and acted contrary to statute by causing the forfeiture of the 314 days that Gibson spent on parole. In response, Bennett moved the district court to dismiss Gibson's petition, asserting that Gibson failed to state a claim upon which relief could be granted. The district court granted Bennett's motion and dismissed Gibson's petition without holding an evidentiary hearing. Gibson appeals.

## II.

### ANALYSIS

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State,* 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State,* 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct.App.1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan,* 122 Idaho at 914, 841 P.2d at 444;

*Sivak v. Ada County,* 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct.App.1989). If a petitioner is not entitled to relief on an application for a writ of habeas corpus, the decision by the petitioned court to dismiss the application without an evidentiary hearing will be upheld. *Brennan,* 122 Idaho at 917, 841 P.2d at 447. When a trial court considers matters outside the pleadings on an I.R.C.P. 12(b)(6) motion to dismiss, such motion must be treated as a motion for summary judgment and the court is required to afford the parties an opportunity to present material pertinent to a summary judgment motion. *Hellickson v. Jenkins,* 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct.App.1990). In the instant case however, no exhibits were entered into evidence and the district court did not consider any matters outside of the pleadings. Rather, the district court dismissed Gibson's petition based on its conclusion that, assuming the truth of the facts alleged in the pleadings, Gibson was not entitled to relief as a matter of law.

As an appellate court, we will affirm a trial court's grant of a I.R.C.P. 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity,* 133 Idaho 388, 398, 987 P.2d 300, 310 (1999); *Eliopulos v. Idaho State Bank,* 129 Idaho 104, 107–08, 922 P.2d 401, 404–05 (Ct.App.1996). When reviewing an order of the district court dismissing a case pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan,* 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.,* 126 Idaho 960, 962, 895 P.2d 561, 563 (1995). Accordingly, we accept the facts Gibson alleged as true and decide if those facts establish legal grounds to grant him relief.

When an inmate's parole is revoked, the time spent on parole does not

count towards the completion of an inmate's sentence, unless the Commission for Pardons and Parole decides in its discretion that the time should be so counted. I.C. § 20–228.[1] This provision permits the executive branch to retain an offender after his or her judicially imposed term has expired. *Winter v. State*, 117 Idaho 103, 106–07, 785 P.2d 667, 670–71 (Ct.App.1989). Gibson contends that application of the forfeiture provision in Section 20–228 should be limited to time spent on "suspended parole" (the period between the issuance of a warrant for parole violation and the parolee's arrest). Gibson argues that failure to count the time he spent on parole towards the completion of his sentences constitutes cruel and unusual punishment and places him in double jeopardy. Gibson also asserts that the forfeiture of time spent on parole equates with resentencing inmates and, therefore, violates the separation of powers doctrine. Thus, Gibson contends that the district court's dismissal of his petition for writ of habeas corpus was in error.[2]

## A. Interpretation of I.C. § 20–228

Gibson argues that the forfeiture of time spent on parole referred to in Section 20–228 applies to only suspended parole. The interpretation of a statute is an issue of law over which we exercise free review.

1. Idaho Code Section 20–228, states:

 The commission for pardons and parole, in releasing a person on parole, shall specify in writing the conditions of parole, and a copy of such conditions shall be given to the person paroled. Whenever the commission finds that a parolee may have violated the conditions of parole, the written order of the commission, signed by a member or members of the commission or the executive director, shall be sufficient warrant for any law enforcement officer to take into custody such person, and it is hereby made the duty of all sheriffs, police, constables, parole and probation officers, prison officials and other peace officers, to execute such order. Such warrant shall serve to suspend the person's parole until a determination on the merits of the allegations of the violation has been made pursuant to a revocation hearing. From and after the issuance of the warrant and suspension of the parole of any convicted person and until arrest, the parolee shall be considered a fugitive from justice. Such person so recommitted must serve out the sentence, and the time during which such prison-

*Zener v. Velde*, 135 Idaho 352, 355, 17 P.3d 296, 299 (Ct.App.2000). When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990); *Zener*, 135 Idaho at 355, 17 P.3d at 299. The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *Watkins Family*, 118 Idaho at 540, 797 P.2d at 1388; *Zener*, 135 Idaho at 355, 17 P.3d at 299. If the statute as written is socially or otherwise unsound, the power to correct it is legislative, not judicial. *Westway Constr., Inc., v. Idaho Transp. Dep't*, 139 Idaho 107 73 P.3d 721 (2003). There is no occasion for judicial construction of a statute unless it is ambiguous, absurd or in conflict with other statutes. *Winter*, 117 Idaho at 105, 785 P.2d at 669.

Idaho Code Section 20–228 authorizes the Commission for Pardons and Parole to issue an arrest warrant upon a finding that a parolee may have violated the conditions of parole. Upon such finding, Section 20–228 further provides:

From and after the issuance of the warrant and suspension of the parole of any convicted person and until arrest, the parolee shall be considered a fugitive from

er was out on parole shall not be deemed a part thereof; unless the commission, in its discretion, shall determine otherwise, but nothing herein contained shall prevent the commission from again paroling such prisoners at its discretion.

2. Gibson also argues that the district court was estopped from granting Bennett's Rule 12(b)(6) motion because the district court did not sua sponte dismiss Gibson's habeas corpus petition pursuant to I.C. § 19–4209(1). Gibson's contention that the district court's failure to sua sponte dismiss a petition prevents it from granting a respondent's subsequent motion to dismiss is without merit. Further, Gibson contends that a consecutive sentence only applies to the determinate portions of sentences and that therefore the indeterminate portion of his sentences was calculated incorrectly. However, Gibson did not raise these issues before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Accordingly, we will not address these claims.

justice. Such person so recommitted must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the commission, in its discretion, shall determine otherwise. . . .

Gibson asserts that the phrase "the time during which such prisoner was out on parole shall not be deemed" a part of the sentence should be read in conjunction with the preceding sentence and, thus, applied only to the period after issuance of a warrant when parole has been suspended. However, Gibson's interpretation is contrary to the plain language of Section 20–228 and the manner in which it has been consistently construed by Idaho courts. *See Doan v. State,* 132 Idaho 796, 802, 979 P.2d 1154, 1160 (1999); *Winter,* 117 Idaho at 105, 785 P.2d at 669; *Flores v. State,* 109 Idaho 182, 182–83, 706 P.2d 71, 71–72 (Ct.App.1985). The legislature could have concluded that forfeiture of time spent on parole provides an incentive for compliance with the terms of parole. *Winter,* 117 Idaho at 105–06, 785 P.2d at 669–70. Thus, judicial interpretation of Section 20–228, consistent with its literal language, does not produce an absurd result. *Id.* Further the subject matter of Section 20–228 is the conditions of parole and their effect generally, and is not limited to suspended parole. Gibson makes a number of arguments as to why forfeiture of time spent on parole is penologically and fiscally unsound. However, it is not our role to consider the advisability of the policies embodied in our statutes. *See Winter,* 117 Idaho at 106, 785 P.2d at 670. Section 20–228 is not ambiguous and Gibson has presented no reason for giving the words of Section 20–228 anything other than their plain meaning.

## B. Cruel and Unusual Punishment

Gibson contends that as a result of the requirement that he forfeit the time he spent on parole, he is subject to the custody of the Board of Correction for longer than the unified terms imposed by the court. Gibson argues that this ability to retain him in custody after expiration of his sentences constitutes cruel and unusual punishment in contravention of the United States and Idaho Constitutions. An inmate released onto parole endures restrictions on his or her freedom that do not apply to the public at large. *Jones v. Cunningham,* 371 U.S. 236, 242–43, 83 S.Ct. 373, 377, 9 L.Ed.2d 285, 290–91 (1963); *Winter,* 117 Idaho at 107, 785 P.2d at 671. Thus, parole is a form of punishment. *Winter,* 117 Idaho at 107, 785 P.2d at 671. Accordingly, although parole is a less serious form of punishment than incarceration, the Eighth Amendment prohibition against imposition of punishment so disproportionate that it is cruel and unusual potentially limits the impact of I.C. § 20–228. *Id.* When deciding whether the effect of Section 20–228 results in disproportionate punishment, we take into account the time spent on parole as well as confinement. *Id.* Therefore, we must first make a threshold comparison of the crime committed and the sentence imposed to determine whether the sentence leads to an inference of gross disproportionality. *State v. Brown,* 121 Idaho 385, 394, 825 P.2d 482, 491 (1992).

This gross disproportionality test is equivalent to the standard under the Idaho Constitution which focuses upon whether the punishment is out of proportion to the gravity of the offense committed and such as to shock the conscience of reasonable people. *Brown,* 121 Idaho at 394, 825 P.2d at 491. If an inference of such disproportionality is found, we must conduct a proportionality analysis comparing the sentence to those imposed on other defendants for similar offenses. *Matteson,* 123 Idaho at 626, 851 P.2d at 340; *Olivera,* 131 Idaho at 632, 962 P.2d at 403. The burden of demonstrating that a sentence is cruel and unusual is on the person asserting the constitutional violation. *State v. Clay,* 124 Idaho 329, 332, 859 P.2d 365, 368 (Ct.App.1993). Applying these standards and having reviewed the record in this case, including the additional time that Gibson spent in custody due to the forfeiture of the 314 days, we cannot say that Gibson has shown an inference of gross disproportionality. Thus, we conclude that Gibson has failed to demonstrate that his sentences constitute cruel and unusual punishment.

## C. Double Jeopardy

Time spent on parole is under the custody of the Board of Corrections. I.C. § 20–223(a). Gibson alleges that, because he was in the board's custody while on parole and that time will not count towards the completion of his sentence, he is subjected to multiple punishments for the same offense. The Double Jeopardy Clause of the Fifth Amendment provides that "no person shall be ... subject for the same offense to be twice put in jeopardy of life or limb." This clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425, 433 (1984); *State v. Byington*, 139 Idaho 516, 518, 81 P.3d 421, 423 (Ct.App.2003). However, revocation of probation does not impose an additional punishment for the originating crime because it involves only the enforcement of conditions already imposed. *State v. Chapman*, 111 Idaho 149, 155, 721 P.2d 1248, 1254 (1986).

The revocation of Gibson's parole constituted enforcement of a statutorily authorized condition of parole—that the time spent on parole would not count towards the completion of the judicially imposed sentences. *See* I.C. § 20–228. Similar to probation revocation, the reincarceration resulting from the violation of the terms of parole is not a separate punishment for Gibson's underlying criminal offenses. Accordingly, Gibson's double jeopardy claim fails as a matter of law.

## D. Separation of Powers

The Idaho Constitution prohibits any branch of government from exercising powers that properly belong to another branch, unless the constitution expressly so directs or permits. IDAHO CONST. art. II, § 1. The power to define crimes and prescribe penalties belongs to the legislative department whereas the authority to sentence offenders who have been found guilty of those crimes lies with the judiciary. *Spanton v. Clapp*, 78 Idaho 234, 237, 299 P.2d 1103, 1104 (1956). The pardoning power lies with the executive branch. IDAHO CONST. art. IV, § 7. A parole is not a pardon and, thus, is within the legislative scope of establishing suitable punishment for various crimes. *Standlee v. State*, 96 Idaho 849, 852, 538 P.2d 778, 781 (1975).

Gibson asserts that, when the Parole Commission exercised its statutory authority to forfeit time spent on parole, it resentenced Gibson and acted in violation of the separation of powers. This Court rejected a similar argument in *Flores v. State*, 109 Idaho 182, 706 P.2d 71 (Ct.App.1985). *Flores* initially notes that the Idaho Constitution acts as a limit on the state legislature, unlike the United States Constitution, which enumerates the powers held by Congress. Thus, our legislature may make any law that is not unconstitutional, rather than only having the power to legislate on matters enumerated in the Idaho Constitution. *Flores*, 109 Idaho at 183, 706 P.2d at 72. The legislature has broad powers to make laws governing pardons and prisons. *Flores*, 109 Idaho at 184, 706 P.2d at 73. Accordingly, the legislature created the Department of Corrections, which includes the Commission of Pardons and Parole. *See* I.C. § 20–201. The legislature also has the authority to pass statutes that require the courts to impose minimum sentences for certain crimes that courts are not permitted to reduce. IDAHO CONST art. V, § 13; *State v. Pena–Reyes*, 131 Idaho 656, 657, 962 P.2d 1040, 1041 (1998); *State v. Rogerson*, 132 Idaho 53, 56, 966 P.2d 53, 56 (Ct.App.1998).

The legislature used this inherent and expressed constitutional authority in enacting I.C. § 20–228. *Flores*, 109 Idaho at 184, 706 P.2d at 73. The legislative pronouncement that an inmate should be subject to forfeiture of time spent on parole is an exercise of the legislative power to define crimes and their penalties and does not involve resentencing inmates. Therefore, Section 20–228 does not violate the separation of powers.

## E. Attorney Fees on Appeal

Bennett requests attorney fees on appeal. However, Bennett makes this request pursuant to I.C. § 12–121 rather

than I.C. § 12–122, the statute that generally governs the award of attorney fees in habeas corpus actions. Under I.C. § 12–121 and I.A.R. 41, an award of attorney fees may be granted to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct.App.1995). Legal arguments that are supported by a good faith argument for the extension or modification of the law in Idaho are not so plainly fallacious to be deemed frivolous. *Allstate Ins. Co. v. Mocaby*, 133 Idaho 593, 600, 990 P.2d 1204, 1211 (1999). We also recognize that inmates in the custody of the IDOC generally do not have access to a law library and, therefore, cannot conduct extensive legal research on the theories they present. Although we were not persuaded by Gibson's arguments, applying the standard enunciated for I.C. § 12–121, we decline to award attorney fees in this case.

### III.

### CONCLUSION

Gibson's statutory and constitutional arguments that the time he spent on parole should be counted towards the completion of his sentences fail as a matter of law. Therefore, the district court's order dismissing Gibson's petition for writ of habeas corpus without an evidentiary hearing is affirmed. No costs or attorney fees are awarded on this appeal.

Judge LANSING and Judge GUTIERREZ concur.

