**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37817**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 306 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 5, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSEPH SCOTT HOPKINS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order denying motion for credit for time served, affirmed.

Joseph Scott Hopkins, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

———————————————————————

Before GRATTON, Chief Judge, LANSING, Judge
and MELANSON, Judge

———————————————————————

PER CURIAM

Joseph Scott Hopkins was convicted of lewd conduct with a minor under sixteen, I.C. § 18-1508, in 2001. The court imposed a unified eight-year sentence with two years determinate. In April 2004, Hopkins was released on parole, but his parole was revoked more than four years later. In May 2010, Hopkins filed a motion for credit for time served, claiming that he should receive credit on his sentence for the period when he was free on parole. The district court denied the motion, and Hopkins appeals.

Hopkins' claim for credit against his sentence for time spent on parole is without merit, for parole time does not constitute a part of a sentence of imprisonment. Time served on parole is not the same as time served in a correctional institution, *see Flores v. State*, 109 Idaho 182, 183, 706 P.2d 71, 72 (Ct. App. 1985), for parolees have vastly greater freedom than inmates do.

1

Idaho Code Section 20-228 provides that when a person is recommitted after revocation of parole he/she "must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the [parole] commission, in its discretion, shall determine otherwise . . . ." This statutory language is clear and unambiguous in providing that parole time is credited against a sentence of imprisonment only if the Parole Commission, in its discretion, authorizes it. *See Gibson v. Bennett*, 141 Idaho 270, 274-75, 108 P.3d 417, 421-22 (Ct. App. 2005). This statutory provision "provides an incentive for compliance with the terms of parole." *Id.* at 275, 108 P.3d at 422. *See also Mattoon v. Blades*, 145 Idaho 634, 638, 181 P.3d 1242, 1246 (2008). Here, the Commission determined that Hopkins would not receive such credit.

Hopkins seems to argue that the district court's denial of his motion should be reversed because in its initial order denying Hopkins' motion, the court incorrectly cited to an inapplicable section of the Idaho Code. However, the district court corrected this error in a subsequent order. In any event, the error in citation is of no consequence on appellate review because this Court, applying the correct statutory provisions, has determined that Hopkins' motion was without merit.

Hopkins raises other issues in his appellate briefing, including constitutional claims, that we will not address because they were not raised in the district court. The longstanding rule in Idaho is that an appellate court will not consider issues, including constitutional issues, that are presented for the first time on appeal. *State v. Fry*, 128 Idaho 50, 54-55, 910 P.2d 164, 168-69 (Ct. App. 1994).

The order of the district court denying Hopkins' motion for credit for time served is affirmed.