**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38822**

| | | |
|---|---|---|
| NEIL PATTERSON, | ) | 2011 Unpublished Opinion No. 324 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 18, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PAM SONNEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Order denying petition for writ of habeas corpus, <u>affirmed</u>.

Neil Patterson, Boise, pro se appellant.

Respondent did not participate on appeal.

_____

GRATTON, Chief Judge

Neil Patterson appeals from the district court's order dismissing his petition for writ of habeas corpus. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Patterson, an incarcerated inmate, filed a petition for writ of habeas corpus claiming that he was not provided due process. The petition was dismissed by the district court, prior to service on respondent, as it found there were no genuine issues of material fact raised by the petition; and that upon treating all allegations contained in the petition as true, the allegations did not state constitutional claims affording relief.[1] This appeal concerns Patterson's allegation that his federal and state constitutional rights were violated when his driving under the influence charge was prosecuted without presentment or indictment from a grand jury.

_____

[1] The district court entered a final judgment on December 28, 2011, upon temporary remand from this Court.

## II.

## DISCUSSION

Patterson claims that he was improperly convicted for driving under the influence because he was never indicted by a grand jury. He further claims that prosecution under an Information from the prosecutor is unconstitutional. Patterson asks for discharge and expungement of his conviction and unspecified compensation. A petition for a writ of habeas corpus may be dismissed if it fails to state a claim upon which relief can be granted. Idaho Code § 19-4209. The Idaho Supreme Court has held that the decision whether to issue a writ of habeas corpus is within the discretion of the trial court. *Quinlan v. Idaho Comm'n for Pardons and Parole*, 138 Idaho 726, 729, 69 P.3d 146, 149 (2003); *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962). When we review such an exercise of discretion, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Quinlan*, 138 Idaho at 729, 69 P.3d at 149; *Gibson v. Bennett*, 141 Idaho 270, 273, 108 P.3d 417, 420 (Ct. App. 2005); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992).

Idaho Code § 19-4205(2) states, in relevant part, that a habeas petition "shall specify that the prisoner is alleging state or federal constitutional violations concerning: (a) the conditions of his confinement; (b) the revocation of his parole; (c) miscalculation of his sentence; (d) loss of good time credits; or (e) a detainer lodged against him." Additionally, I.C. § 19-4209(1) provides:

> The court may dismiss with prejudice a petition for writ of habeas corpus under this section, in whole or in part, prior to service of the petition on the respondent, if the court finds:
> . . . .
> (c) The petition fails to state a claim of constitutional violation upon which relief can be granted.

The district court dismissed Patterson's petition, concluding that "the petitioner cannot use a habeas proceeding to challenge the validity of his conviction and money damages are not recoverable in a habeas action." We agree with the district court.

### III.

### CONCLUSION

The district court did not err in dismissing Patterson's petition for writ of habeas corpus on the ground that it failed to state a constitutional claim upon which relief could be granted. The order of dismissal is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**