**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41530**

| | |
|---|---|
| JAMES ANDERSEN, | ) 2014 Unpublished Opinion No. 559 |
| | ) |
| Petitioner-Appellant, | ) Filed: June 11, 2014 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| IDAHO DEPARTMENT OF | ) THIS IS AN UNPUBLISHED |
| CORRECTION, OLIVIA CRAVEN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondents-Respondents on Appeal, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOES I-V, in their official capacity, | ) |
| | ) |
| Respondents. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Order dismissing petition for habeas corpus, <u>affirmed</u>.

James Andersen, Nampa, pro se appellant.

Respondent did not participate on appeal.

_____

GRATTON, Judge

James Andersen appeals from the district court's dismissal of his habeas corpus petition. Andersen argues the district court erred in finding that he was not entitled to credit for time served on parole. We affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

Andersen pled guilty to felony possession of a controlled substance, I.C. § 37-2732(c). He was sentenced to a unified term of seven years, with two years determinate. Following revocation of parole, Andersen filed a habeas corpus petition asserting his constitutional rights

1

were violated because he was not given credit towards completion of his sentence for the time he was on parole. The district court dismissed his petition. Andersen timely appeals.

## II.

## ANALYSIS

The writ of habeas corpus is a constitutionally-mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4229; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robinson*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. § 19-4203(2)(a)-(e). Habeas corpus may not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act. I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989). If a petitioner is not entitled to relief on an application for a writ of habeas corpus, the decision by the petitioned court to dismiss the application without an evidentiary hearing will be upheld. *Brennan*, 122 Idaho at 917, 841 P.2d at 447. When a court considers matters outside the pleadings on an I.R.C.P. 12(b)(6) motion to dismiss, such motion must be treated as a motion for summary judgment. *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990).

Idaho Code § 20-228 authorizes the commission for pardons and parole to issue an arrest warrant upon a finding that a parolee may have violated the conditions of parole. It also provides

that when parole is revoked, the parolee "must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the commission, in its discretion, shall determine otherwise . . . ." This provision permits the executive branch to retain an offender after his or her judicially-imposed term has expired. *Winter v. State*, 117 Idaho 103, 106-07, 785 P.2d 667, 670-71 (Ct. App. 1989).

Andersen claims this provision violates his constitutional rights. This issue was considered by this Court in *Gibson v. Bennett*, 141 Idaho 270, 108 P.3d 417 (Ct. App. 2005), in which the petitioner also argued that retaining him in custody after the expiration of his sentences was unconstitutional. *Id*. at 275, 108 P.3d at 422. In affirming the dismissal of his petition, this Court noted that while the petitioner made several arguments as to why forfeiture of time spent on parole was "penologically and fiscally unsound," it is not the Court's "role to consider the advisability of the policies embodied in our statues." *Id*. It further noted that "Section 20-228 is not ambiguous and Gibson has presented no reason for giving the words of Section 20-228 anything other than their plain meaning." *Id*.

Andersen also sets forth examples of other inmates that received credit for their time on parole, and argues that he is entitled to the same treatment. However, there is no constitutionally-protected right to parole. *Hays v. Craven*, 131 Idaho 761, 764, 963 P.2d 1198, 1201 (Ct. App. 1998). The United States Supreme Court has held that no constitutional right attaches to the mere possibility of conditional liberty. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The Idaho Supreme Court has concluded that Idaho statutes do not provide a legitimate expectation of parole, but merely the possibility thereof. *See Izatt v. State*, 104 Idaho 597, 600, 661 P.2d 763, 766 (1983).

## III.

## CONCLUSION

Andersen's arguments that the time spent on parole should be counted towards completion of his sentence fail as a matter of law. Therefore, the district court's order dismissing his petition for habeas corpus is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**