IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41804

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 777 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 20, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAKE ALLEN OLIVAS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of illegal sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge; and GRATTON, Judge

_____

PER CURIAM

Jake Allen Olivas was convicted of burglary, Idaho Code § 18-1401, in 2006. The district court imposed a unified ten-year sentence, with two years determinate. In October 2013, Olivas filed an "Illegal Sentence Motion," claiming that he should receive credit on his sentence for 202 days when he was free on parole. The district court denied the motion, and Olivas appeals.

"[A] petition for writ of habeas corpus is an appropriate mechanism for challenging an alleged impropriety or error in the Department [of Correction's] computation of a prisoner's sentence." *Mickelsen v. Idaho State Correctional* Institution, 131 Idaho 352, 355, 955 P.2d 1131, 1134 (Ct. App. 1998). On appeal, Olivas acknowledges that "credit for time served on

1

parole is not available as relief under Idaho Criminal Rule 35," but asserts that the district court erred when it denied his Illegal Sentence Motion, claiming that "time spent on parole is time served, and taking away credit for that time is illegal." Idaho Code Section 20-228 provides that when a parolee is recommitted to prison after revocation of parole:

> Such person so recommitted must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the [Commission for Pardons and Parole], in its discretion, shall determine otherwise ….

The language in I.C. § 20-228 is clear and unambiguous in providing that parole time is credited against a sentence of imprisonment only if the Commission for Pardons and Parole, in its discretion, authorizes it. *See Gibson v. Bennett*, 141 Idaho 270, 274-75, 108 P.3d 417, 421-22 (Ct. App. 2005). This statutory provision "provides an incentive for compliance with the terms of parole." *Id.* at 275, 108 P.3d at 422. *See also Mattoon v. Blades*, 145 Idaho 634, 638, 181 P.3d 1242, 1246 (2008). Here, the Commission determined that Olivas would not receive such credit.

Olivas' Illegal Sentence Motion was not the procedurally correct mechanism for challenging the Idaho Commission for Pardons and Parole's decision not to grant him credit for the time he was on parole, and the district court did not err by denying Olivas' motion. The order of the district court denying Olivas's Rule 35 motion for correction of an illegal sentence is affirmed.