**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42062**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 345 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 11, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MATTHEW CODY DAVIDSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order denying I.C.R. 35 motion for correction of illegal of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In 2005, Matthew Cody Davidson pled guilty to burglary, Idaho Code § 18-1401. The district court sentenced Davidson to a unified term of six years with three years determinate to run concurrently with a sentence in an unrelated case. The record is unclear, but Davidson claims that at some point he was released on parole and then re-incarcerated. On February 11, 2014, Davidson filed a motion titled "Illegal Sentence Motion" claiming that he is entitled to credit for time served while on parole in the amount of 11 months and 22 days. The district court denied Davidson's motion. On appeal, Davidson asserts that his sentence is illegal because he did not receive credit for the time he spent on parole pursuant to I.C. §§ 18-309, 20-228.

In his appellant's brief, Davidson acknowledges the language of I.C. §§ 18-309, 20-228, and this Court's decision in *Winter v. State*, 117 Idaho 103, 105-07, 785 P.2d 667, 669-701 (Ct.

1

App. 1989), which holds that a defendant is only entitled to credit for a period of actual incarceration. However, he asserts that the district court erred in denying his illegal sentence motion.

Idaho Code § 18-309 provides, in pertinent part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

A claim that credit was not properly given for time served is a claim that the sentence is illegal since the sentence would have been imposed in violation of I.C. § 18-309.

Idaho Code § 20-228 provides, in pertinent part:

> [A person who has been] recommitted must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof.

The time spent on parole does not count towards the completion of a judicially-imposed sentence. *Gibson v. Bennett*, 141 Idaho 270, 276, 108 P.3d 417, 423 (Ct. App. 2005).

Davidson's claim is without merit. Davidson is not entitled to credit for time spent on parole. Accordingly, the district court's order denying Davidson's illegal sentence motion is affirmed.