**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45429**

| | |
|---|---|
| JARRETT VANN, | ) |
| | ) Filed: July 13, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| L. R. WILMOTH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. David D. Manweiler, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming dismissal of a petition for writ of habeas corpus, affirmed.

Jarrett Vann, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Emily A. MacMaster, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jarrett Vann appeals from the district court's order affirming the magistrate's dismissal of Vann's petition for writ of habeas corpus. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 15, 2001, Vann was convicted of federal felony charges for receiving or distributing material involving the sexual exploitation of minors via interstate commerce and criminal forfeiture. The federal court sentenced Vann to seventy-eight months of incarceration, followed by three years of supervised release. While Vann was on parole in his federal case, the State charged him with felony possession of sexually exploitative material. Vann pled guilty to the state charge, and the district imposed a unified ten-year sentence, with three years fixed, and

1

ordered the sentence to run concurrently with any other sentence being served. Following his state court conviction and incarceration with the Idaho Department of Correction, Vann was placed on a detainer for violating the conditions of his federal parole. Vann was later paroled by the Idaho Commission of Pardons and Parole, at which time he was released into federal custody on the previously filed detainer. Vann subsequently began serving a ten-month federal prison sentence, followed by another period of supervised release. During his second period of supervised release from federal court, Vann was arrested for an alleged state parole violation. Following a hearing on the state parole violation, the Commission revoked Vann's state parole and ordered that Vann would not receive credit for the time he was paroled on his state court sentence.

Vann subsequently filed an I.C.R. 35 motion for credit for time served against his state sentence for the time he spent in federal custody while on parole in his state case. The district court denied the motion, and this Court affirmed. *State v. Vann*, Docket No. 43054 (Ct. App. Jan. 26, 2016). In doing so, this Court noted that I.C. § 20-228 authorizes the Commission to exercise discretion in relation to credit for time spent on parole when calculating the remaining period of confinement after parole is revoked and held that a motion for credit for time served is not the appropriate vehicle for challenging the Department's calculation of time served. Approximately six months after this Court issued its decision in Vann's Rule 35 appeal, Vann filed a habeas corpus petition challenging the Commission's decision to not grant him credit for the time he spent on parole. The magistrate initially entered a judgment and order dismissing the petition after concluding that Vann's petition failed to allege a constitutional violation upon which relief could be granted. Vann filed a motion for reconsideration, which the magistrate granted. The State then filed a motion to dismiss or, in the alternative, a motion for summary judgment, asserting that Vann failed to name the proper respondent[1] and that the calculation of

---

[1] Vann named L. R. Wilmoth as the respondent in Vann's petition for writ of habeas corpus in Wilmoth's capacity as a sentencing specialist with the Idaho Department of Correction. On appeal, the State renews the argument that Vann's petition was subject to dismissal based on the named respondent. The State submits that, although the district court declined to consider this as an alternative ground for dismissal in the absence of a cross-appeal, "summary judgment to Wilmoth may be affirmed on this basis as well." The State presents no argument or authority in support of its request to affirm on this basis other than a citation to a case that indicates a

Vann's sentence complied with I.C. § 20-228. The magistrate granted the State's motion. Vann appealed to the district court. The district court affirmed the magistrate's dismissal of Vann's petition. Vann again appeals.

## II.

## STANDARD OF REVIEW

On an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

## III.

## ANALYSIS

Vann claims error in the denial of his request for credit for time served on his state sentence while he was on parole in his state case but in federal custody. More specifically, Vann contends he is entitled to credit because the state court judgment ordered his sentence to run concurrently with any other sentence. The State argues that the concurrent nature of Vann's sentence is irrelevant to whether Vann was entitled to credit for time served while on parole and that it was within the Commission's discretion whether to grant such credit. Because the parties do not dispute the underlying facts, the only issue on appeal relates to the application of I.C. § 20-228, which governs credit for time served while on parole. We affirm the district court.

statute of limitation issue may be considered without a cross-appeal. This case citation relates to a procedural issue; it does not constitute authority in support of the State's substantive claim that dismissal is proper based on the named respondent. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, we decline to consider the merits of the State's assertion.

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* Idaho Const. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). An in-state prisoner may file a petition for a writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good-time credits, or detainers lodged against the prisoner. I.C. §§ 19-4203(2)(a)-(e). If a petitioner is not entitled to relief on a petition for a writ of habeas corpus, the decision by the petitioned court to dismiss the petition without an evidentiary hearing will be upheld. *Brennan v. State*, 122 Idaho 911, 917, 841 P.2d 441, 447 (Ct. App. 1992).

In this case, it appears Vann is claiming that the remaining time to be served on his sentence following his parole revocation has been miscalculated because that calculation does not include credit for time Vann was on state parole. It is well-settled that, under the plain language of I.C. § 20-228 when an inmate's parole is revoked, the time spent on parole does not count toward the completion of an inmate's sentence unless the Commission decides, in its discretion, that the time should be counted. *Gibson v. Bennett*, 141 Idaho 270, 273-74, 108 P.3d 417, 420-21 (Ct. App. 2005). Because the Commission determined forfeiture of Vann's parole time was appropriate in this case, the Department was not required to give Vann credit for that time.

Vann, however, argues that credit was required because his state sentence was ordered to run concurrently with his federal sentence. The concurrent nature of Vann's sentence, however, has no bearing on the Commission's authority under I.C. § 20-228. A concurrent sentence is one that is served at the same time another sentence is served. Time spent on probation or parole does not qualify as time served on the underlying sentence. *See* I.C. §§ 18-309, 19-2603, 20-223. While a district court has authority to order a sentence to run concurrently, it does not have authority over parole decisions or over whether parole time may be credited toward the sentence.

Vann cites no authority to support the proposition that a sentencing judge can effectively revoke the Commission's discretion under I.C. § 20-228 by imposing a concurrent sentence. *Fullmer v. Collard*, 143 Idaho 171, 139 P.3d 773 (Ct. App. 2006), upon which Vann relies,

4

involves credit for time served pursuant to I.C. § 18-309, ordered by the sentencing judge, and the Department's failure to calculate such credit in determining the defendant's release date. *Fullmer* is inapplicable because the issue in Vann's case does not relate to the district court's calculation of credit for time served under I.C. § 18-309. Rather, the issue is whether the Department erred in complying with the Commission's discretionary decision under I.C. § 20-228. It did not.

Vann further asserts that the failure to give him credit for time spent on parole means he will be serving a sentence that exceeds the ten-year term imposed by the district court. Vann contends that, as a result, he is subject to "incarceration without judicial process." It is not entirely clear what "judicial process" Vann refers to because the legal or constitutional basis of Vann's claim is unclear. To the extent Vann is asserting a federal due process or Eighth Amendment claim related to the Commission's authority under I.C. § 20-228, this Court has previously rejected such arguments. *See Gibson*, 141 Idaho at 275-76, 108 P.3d at 422-23; *Winter v. State*, 117 Idaho 103, 107, 785 P.2d 667, 671 (Ct. App. 1989). Vann has failed to show the district court erred in affirming the magistrate's determination that Vann is not entitled to habeas relief based on the Department's calculation of his sentence.[2]

## IV.
## CONCLUSION

Vann has failed to show the district court erred in affirming the magistrate's dismissal of Vann's habeas corpus petition. Accordingly, the district court's opinion on appeal is affirmed. No costs or attorney fees awarded.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[2] Vann also asks this Court to consider "other" issues presented to the district court on intermediate appeal--in particular, "more details on the first 2 issues presented." We decline to consider unspecified issues not supported by argument and authority. I.A.R. 35(a)(4); *Zichko*, 129 Idaho at 263, 923 P.2d at 970.