809 P.2d 503

James CARMAN, Petitioner-Appellant,

v.

STATE of Idaho, COMMISSION OF PARDONS AND PAROLE, Respondent.

Timothy W. McGUIRE, Petitioner-Appellant,

v.

STATE of Idaho, COMMISSION OF PARDONS AND PAROLE, Respondent.

Nos. 18067, 18181.

Supreme Court of Idaho, Boise, January 1991 Term.

April 18, 1991.

James Carman, Boise, pro se.

Timothy W. McGuire, pro se.

Jim Jones, Atty. Gen., Robert R. Gates, Deputy Atty. Gen., Boise, for respondent.

BAKES, Chief Justice.

Appellants Carman and McGuire, whose cases were consolidated on appeal, were each denied parole by the Commission of Pardons and Parole (the Commission), and each appealed the Commission's decision to district court. In each case the district court dismissed the appeal, holding that I.C. § 67–5215 of the Administrative Procedures Act (APA), which provides for judicial review of administrative decisions, does not apply to decisions of the Idaho Board of Corrections (the Board) or the Commission because neither is an "agency" within the meaning of I.C. § 67–5201(1). Both appellants appealed their respective district court decisions. We affirm both district court decisions.

Article 10, § 5, of the Idaho Constitution, as amended in 1941, mandated that the legislature create a Board of Corrections which "shall have the control, direction and management of the penitentiaries of the state, their employees and properties, and of adult probation and parole, with such compensation, *powers, and duties as may be prescribed by law*." (Emphasis added.) As amended in 1947, Article 4, § 7, of the Idaho Constitution, on the other hand, permitted, but did not require, the legislature to create a Board of Pardons to grant commutations and pardons as provided by statute. Article 4, § 7, further provides that the legislature shall prescribe by law the manner in which proceedings are held by the Board of Pardons.

Pursuant to the amended Article 4, § 7, in 1969 the legislature exercised the discretionary power to create such a Board of Pardons by enacting I.C. § 20–210, which directed the Board of Corrections to appoint a Commission of Pardons and Parole. Under I.C. § 20–210, the Commission was to "have all rights, powers and authority of said board of pardons as are granted and provided by the provisions of the constitution of the state of Idaho."

I.C. § 20–210 further provided:

The commission shall also act as the advisory commission to the board on matters of adult probation and parole and may exercise such powers and duties in this respect as are delegated to it by the board.

Thus, the legislature, pursuant to the authority vested in it by amended Article 10, § 5, and Article 4, § 7, created a Commission of Pardons and Parole to be appointed by the Board of Corrections which (1) shall "have all rights, powers and authority of said board of pardons as are granted and provided by the provisions of the constitution of the state of Idaho," and (2), "on matters of adult probation and parole ... may exercise such powers and duties in this respect *as are delegated to it by the board* [of corrections]."

■ From the foregoing it is clear that when the Commission of Pardons and Parole is exercising the parole function, as distinguished from its commutation and pardoning powers, it is exercising powers "delegated to it by the board." The question then is whether the Commission of Pardons and Parole, when it is exercising parole and probation decisions delegated to it by the Board of Corrections, is a "agency" within the meaning of the Administrative Procedures Act.

■ I.C. § 67–5201(1) of the APA defines "agency" as "each state board, commission, department or officer authorized by law to make rules or to determine contested cases, *except* those in the legislative or judicial branch, the state militia and *the state board of corrections*." (Emphasis added). Under I.C. § 67–5201(1) the Board of Corrections is not an "agency" within the meaning of the APA, and the judicial review provision in I.C. § 67–5215(a) does not apply to it. Therefore, there is no appeal to the district court from decisions

of the Board of Corrections. When the Commission of Pardons and Parole is exercising the powers and duties delegated to it by the Board of Corrections in matters involving parole and probation, it is exercising powers granted to the Board under Article 10, § 5, of the Idaho Constitution. Therefore, it also is not an "agency" within the meaning of the Administrative Procedures Act, and I.C. § 67–5215 is inapplicable to a parole decision of the Commission of Pardons and Parole.

The district courts below reached the same conclusion. In McGuire's case, District Judge Newhouse stated that under Article 10, § 5, of the Idaho Constitution "the Board of Correction has the control and management on probation and parole decisions in Idaho State Penitentiaries." Judge Newhouse concluded that since the Commission makes probation and parole decisions, it must be part of the Board of Corrections. Thus, the district court held, the APA does not apply to the Commission's parole decisions, and the district court had no jurisdiction to review McGuire's appeal. District Judge McKee made a similar ruling in Carman's case, also holding that the Commission is exempt from the provisions of the APA. We agree with both Judge McKee and Judge Newhouse that the Commission of Pardons and Parole, when it is making probation and parole decisions, derives its authority from the Board of Corrections and is thus exempt from the provisions of the APA pursuant to I.C. § 67–5201(1).

Our conclusion that the Commission, when exercising probation and parole decisions delegated to it by the Board, is not an "agency," is supported by another statute, I.C. § 20–223(a), which provides that the "commission shall have the power to establish rules, regulations, policies or procedures in compliance with" the APA. If the Commission was already an "agency" within the meaning of I.C. § 67–5201(1), it would not have been necessary for the legislature to grant to the Commission in I.C. § 20–223(a) the power to establish rules and regulations; the Commission would already have had that power. Furthermore, when the APA was adopted in

1965, the Board of Corrections was handling the parole function, as the Commission had not yet been established. When the Commission was established in 1969, the parole function was already exempt from the appeal procedures of the APA. In changing the statute to authorize the delegation of those duties from the Board to the Commission, the legislature never expressed any intention that the courts be involved in reviewing parole decisions.

Therefore, given the close alignment of the Commission with the Board, the fact that the Commission is exercising the parole power delegated to it by the Board, and the fact that the legislature found it necessary to specifically give authority to the Commission to promulgate regulations pursuant to the APA in 20–223(a), we conclude that the Commission's parole and probation functions, as were those of the Board of Corrections before it, are exempt from the appeal provision of I.C. § 67–5215(a). As Judge McKee stated:

I recognize that I.C. 20–223 provides that the parole commission is to have the power to make rules and regulations, and that the statute provides that such rules and regulations are to be promulgated in compliance with the Administrative Procedures Act. However, this statute pertains only to rule making, not to procedures required for hearing on contested cases. The legislature recently codified and clarified that the commission was not to be subject to the Administrative Procedures Act when, in 1989, they added an additional section to I.C. 20–223 which provided, "Except as provided in subsection (a) [the rule making provisions] of this section, no provision of chapter 52 of title 67, Idaho Code, shall apply to the commission." 1989 Session Laws, Centennial Edition, Chapter 369, p. 926. I conclude that this amendment clarified and codified existing law, rather than changed it.

Our holding is supported by strong policy considerations. As Judge McKee further pointed out:

From a pragmatic standpoint, to recognize a right of an inmate to petition the

court for judicial review under the Administrative Procedure Act whenever parole is denied would be to invite direct appeals in every case. This would shortly result in the necessity of in fact reviewing every single decision of the parole authorities in every case. Since redress upon those narrow issues which are subject to review is presently available through other procedures, I am firmly of the opinion that the avenue of direct appeal should remain unequivocally blocked.

We believe those policy reasons are reflected in the statutes as outlined above. Accordingly, we hold that a prison inmate may not appeal a parole decision of the Idaho Commission of Pardons and Parole under I.C. § 67–5201(1) because the Commission, when making parole decisions, acts as a part of the Board of Corrections, and is exempted from the definition of "agency" in the Administrative Procedures Act.

The district court orders dismissing the appeals are affirmed.

BISTLINE, JOHNSON, BOYLE and McDEVITT, JJ., concur.