918 P.2d 1213

**Jerrod K. SMITH, Petitioner–Respondent,**

v.

**IDAHO DEPARTMENT OF CORREC-TION, Respondent–Appellant.**

**No. 21884.**

Supreme Court of Idaho, Boise, February 1996 Term.

June 20, 1996.

Alan G. Lance, Attorney General; Robert R. Gates, Deputy Attorney General, Boise, for respondent-appellant.

Jerrod K. Smith, petitioner-respondent pro se.

McDEVITT, Chief Justice.

Respondent, Jerrod K. Smith (Smith), filed a writ of habeas corpus to the magistrate division of the district court, claiming that his due process rights were violated in his parole revocation proceedings. Smith asserted that he had been denied the right to obtain and present witnesses at the parole violation hearing due to insufficient notice of the hearing and due to the denial of his right to compel witnesses to attend the hearing. The magistrate judge denied Smith's petition and held that Smith was afforded all process due him under the law and specifically, that due process does not require the right of compulsory process to produce witnesses at a parole violation hearing. The district judge reversed the decision of the magistrate judge and remanded the case for further proceedings. The Idaho Department of Correction (State) appeals to this Court. We affirm the decision of the magistrate judge.

## I.

## BACKGROUND AND FACTS

The underlying facts in this case, as found by the magistrate judge, are essentially undisputed. Smith was previously committed to the custody of the Idaho Board of Correction (Board) for a criminal offense. Smith was released on parole on January 24, 1992, in Boise, Idaho, under the direction of the Board. On July 27, 1993, Smith was arrested on a warrant issued by the Idaho Commission of Pardons and Parole (Commission) for a number of parole violations.

On August 3, 1993, Smith received from the Commission notice and documentation of the alleged parole violations, a description of the hearing process, and a description of Smith's legal rights during the hearings. Smith waived his right to a preliminary hearing, and elected instead to present evidence and witnesses at the fact-finding (parole violation) hearing before the Commission's hearing officer. On August 30, 1993, at approximately 1:00 p.m., Smith was given notice that the parole violation hearing would take place the following day at 10:00 a.m. Smith received only 21 hours prior notice of the parole violation hearing, rather than the 24 hours notice as required by the Commission's Policy and Procedure Manual. This fact is not disputed by the State.

The parole violation hearing was held on August 31, 1993. During the hearing, Smith informed the hearing officer that he had not been able to meet the Commission's requirement that requests for witnesses be given 48 hours prior to the hearing. Smith explained that he had received notice of the hearing only 21 hours prior to the hearing, which left insufficient time for Smith to request and obtain witnesses. Smith also stated that he had been further hindered from contacting and obtaining witnesses, since he was required to submit a written request for phone calls 24 hours prior to being allowed to make a phone call. During the hearing, Smith requested the hearing officer enforce his right to call witnesses in his behalf by compelling the witnesses to appear at the hearing. In response to his request, Smith was informed by the hearing officer that the Commission lacked the authority to issue subpoenas to compel witnesses to attend parole hearings. Smith was also informed that it was his responsibility to obtain his wit-

nesses and to have his witnesses present at the parole violation hearing.

The parole officer offered Smith a continuance of the parole violation hearing in order to give Smith additional time to prepare for the hearing and call witnesses to appear. Smith rejected the continuance and opted to proceed with the hearing. Smith stated that he waived his right to a continuance, because he believed that the witnesses would not appear unless they were subpoenaed. Smith signed the notice of rights document, indicating his desire to proceed with the hearing rather than to have the hearing continued.

Smith sought to have as witnesses Jay Woods, who was Smith's parole officer, Dawn Parker, John Crouse, Dean Simpson, Kevin Stodgel, Denny Smith, Suzanne Smith, who is Smith's wife, and Darrell Waddups. Despite the short notice and the phone call restrictions, Smith was able to contact his witnesses. One of Smith's witnesses, Dawn Parker, appeared for the parole violation hearing. At the hearing, Smith's probation officer, Jay Woods, and Dawn Parker testified and were subject to cross-examination by Smith. Smith was also permitted to testify. At the end of the hearing, Smith stated again that he was denied his due process rights by the lack of compulsory process to compel the attendance of his witnesses.

The hearing officer concluded that Smith had violated his parole and recommended to the Commission that Smith's parole be revoked. The hearing officer's conclusion was based upon the findings that a loaded pistol was found at Smith's residence, that Smith was aware of the gun's presence, that Smith drank alcohol in violation of his probation agreement, and that Smith was aware of a bottle of whiskey in his car. The Commission followed the recommendation of the hearing officer and revoked Smith's parole.

On September 20, 1993, Smith filed a petition for writ of habeas corpus, claiming that his due process rights were violated and that he was denied his liberty interest in parole by the procedures in the parole violation proceedings. Smith argued that he received insufficient notice of the parole violation hearing, which precluded the possibility of Smith calling witnesses and presenting a via-ble defense and rebuttal. Smith also argued that he was denied the opportunity to call witnesses on his behalf. Smith in his petition requested (1) that a new parole violation hearing be held with adequate notice given and with a right to compel the attendance of witnesses, (2) that the Commission's rule with regard to the Commission's lack of subpoena power should be considered void and in violation of Smith's due process rights, and (3) that Smith should be ordered released from custody.

The magistrate judge concluded that Smith was afforded all process due him under the law and that compulsory process to produce witnesses on behalf of the parolee at a parole violation hearing is not required. The magistrate judge set forth the minimum due process requirements for parole proceedings as established in *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). Based upon these minimum due process requirements, the magistrate judge found that Smith was given copies of the report of violation, describing Smith's alleged violations, that Smith cross-examined the witnesses who testified, and that Smith had the opportunity to present testimony. It is not disputed that the hearing officer was neutral and detached nor is it disputed that Smith received a written statement of the reasons for the revocation of Smith's parole.

The magistrate judge acknowledged that in criminal prosecutions, the compulsory process of requiring the attendance of witnesses is constitutionally guaranteed. However, the magistrate judge concluded that a parole hearing is not the equivalent of a criminal prosecution and that based upon *Morrissey*, there is no right of compulsory process in parole revocation proceedings. The magistrate judge concluded that Smith was afforded all process required and denied Smith's petition for habeas corpus.

Smith appealed the decision of the magistrate judge and was permitted to proceed *in forma pauperis*. The district judge reversed the decision of the magistrate judge and remanded the case for further proceedings. The district judge relied upon the due pro-

cess requirements enunciated in *Morrissey*, but concluded that in order for the parolee's right to present witnesses and documentary evidence to be meaningful, a parolee must have the right to compel the attendance of reluctant material witnesses. The district judge held that, although there is no statute authorizing the Commission to issue subpoenas, the Commission has the inherent power to issue subpoenas based upon the parolee's right to compel the attendance of witnesses. The State appealed to this Court.

## II.

## STANDARD OF REVIEW

■ This Court reviews decisions of the magistrate judge, which are then presented to the district judge on appeal, independently of, but with due regard for, the district judge's appellate decision. *State ex rel. Lisby v. Lisby*, 126 Idaho 776, 778, 890 P.2d 727, 729 (1995). Findings of the magistrate judge, which are supported by substantial and competent evidence, will not be overturned on appeal. *Id.; Phillips v. Consolidated Supply Co.*, 126 Idaho 973, 975, 895 P.2d 574, 576 (1995). This Court exercises free review of issues of law. *Phillips*, 126 Idaho at 975, 895 P.2d at 576.

## III.

### THERE IS NO CONSTITUTIONAL RIGHT TO COMPEL WITNESS ATTENDANCE AT A PAROLE REVOCATION HEARING

■ Smith contends that his constitutional right to due process of law was violated when he was denied the right to compel the attendance of the witnesses at his parole violation proceedings. Smith did not specify in his habeas corpus petition whether his due process claims are asserted under the Idaho or the United States Constitution. While article I, section 13 of the Idaho Constitution is substantially the same as the due process clause of the United States Constitution, this Court has held that the scope of these constitutional provisions is not necessarily the same. *Cootz v. State*, 117 Idaho 38, 40, 785 P.2d 163, 165 (1989). In due process cases involving the deprivation of a liberty interest, this Court has applied the United States Supreme Court's standard for interpreting the due process clause of the United States Constitution, to art. I, § 13 of the Idaho Constitution. *State v. Chapman*, 111 Idaho 149, 150–51, 721 P.2d 1248, 1249–50 (1986); *see State v. Kelsey*, 115 Idaho 311, 314, 766 P.2d 781, 784 (1988); *State v. White*, 107 Idaho 941, 942, 694 P.2d 890, 891 (1985); *State v. Wolfe*, 99 Idaho 382, 385–87, 582 P.2d 728, 731–33 (1978).

In *Morrissey*, the United States Supreme Court set forth the minimum due process requirements that must be provided to an individual in a parole revocation proceeding under the due process clause of the Fourteenth Amendment. Although the Court in *Morrissey* determined that a parolee at a parole revocation proceeding is not entitled to the same rights due a defendant in a criminal prosecution, the *Morrissey* Court concluded that a parolee does have a protected liberty interest under the Fourteenth Amendment and is entitled to some due process protections. *Morrissey*, 408 U.S. at 480–82, 92 S.Ct. at 2599–2601; *see also Schwartzmiller v. Winters*, 99 Idaho 18, 19 n. 1, 576 P.2d 1052, 1053 n. 1 (1978). The *Morrissey* Court held that in a parole revocation hearing, due process requires,

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; (f) a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole.

*Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604. The *Morrissey* Court left the responsibility of adopting procedures for parole revocation hearings to the states. *Id.*

■ Through the authority vested in it by the Idaho Constitution, the Idaho Legislature

enacted provisions requiring that a parolee be given a fair and impartial hearing of alleged parole violations, notification of the alleged parole violations, as well as notification of the parolee's rights and privileges. Idaho Const. art. X, § 5; I.C. §§ 20–229, – 229A. The Commission was created by the Board pursuant to article X, section 5 of the Idaho Constitution and section 20–210 of the Idaho Code. Under the authority vested in the Commission by I.C. § 20–223, the Commission promulgated rules and regulations setting forth procedures and requirements for parole revocation proceedings. *See, e.g., Standlee v. State,* 96 Idaho 849, 852–53, 538 P.2d 778, 781–82 (1975). The procedures and requirements promulgated by the Commission for parole revocation proceedings, follow the procedures and requirements set forth in *Morrissey. Compare* IDAPA 50.01.01.650.08(a)(i-vi), *with Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604. Under the Commission's procedures, a parole revocation proceeding consists of two parts; a fact-finding (parole violation) hearing, where the Commission determines the parolee's guilt or innocence of the alleged parole violations, and a revocation hearing, where the Commission reviews the alleged charges, the testimony presented, and the findings on each alleged violation. IDAPA 50.01.01.650.08(a),(b); *Chapman,* 111 Idaho at 151, 721 P.2d at 1250. It is during the revocation hearing that the Commission determines whether parole will be revoked. IDAPA 50.01.01.650.08(b). During the parole violation hearing, the alleged parole violator has the right to (1) written notice of the violations as charged, at least 24 hours prior to the hearing, (2) disclosure of the evidence against him, (3) an opportunity to be heard in person and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse witnesses, unless good cause is found for not allowing such confrontation, (5) a neutral and detached hearing body, and (6) a summary of all testimony and a written statement of the findings on each alleged violation, stating the evidence relied upon. IDAPA 50.01.01.650.08(a)(i-vi). The rules also provide that the Commission has no subpoena power and that it is the responsibility of the alleged parole violator to

have witnesses present at any hearing, which includes notifying witnesses of the time, date, and location of hearings. IDAPA 50.01.01.650.04(f),(h); 50.01.01.650.09.

■ Smith argues that the denial of his right to compel the attendance of witnesses at his parole violation proceeding constituted a violation of his due process rights. We disagree. The minimum due process requirement for a parolee in a parole revocation proceeding, as established by *Morrissey,* is that the parolee is to be given the opportunity to present witnesses. *Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604. There is no constitutional guarantee of the right to compel witnesses at a parole revocation proceeding.

The authority to prescribe the powers and duties of the Board and the Commission, including the procedures to be afforded a parolee in a parole revocation proceeding, has been granted to the Idaho Legislature by the Idaho Constitution. Idaho Const. art. X, § 5; *Carman v. State Comm'n of Pardons & Parole,* 119 Idaho 642, 643, 809 P.2d 503, 504 (1991). The Idaho Legislature also has the authority to provide for the right of compulsory process in parole revocation proceedings. This right has not been provided for by statute or by rules of the Commission. *See* I.C. §§ 20–229, –229A, –229B; IDAPA 50.01.01.650.08(a)(i-vi) (providing the due process requirements of a parole revocation hearing), IDAPA 50.01.01.650.04(f),(h); 50.01.01.650.09 (providing the Commission has no subpoena power and that it is the responsibility of the alleged parole violator to have witnesses present at any hearing).

## IV.

### SMITH WAIVED HIS DUE PROCESS RIGHT TO PRESENT WITNESSES AT THE PAROLE VIOLATION HEARING

Smith argues that his due process rights were violated (1) when he was given insufficient notice of the hearing and (2) when he was denied the opportunity to present witnesses on his behalf. The hearing officer at the parole violation hearing offered Smith

the option of continuing the hearing in order to give Smith sufficient notice of the hearing and the opportunity to contact his witnesses, prepare for his defense, and have his witnesses appear at a later hearing. Smith declined to accept the continuance and instead, chose to proceed with the parole violation hearing. Before the magistrate judge, Smith testified as follows:

> THE COURT: Did you even sign any document, check any boxes indicating what you're [sic] position was on the offer of a continuance or the request to call witnesses?

> SMITH: I'm—I'm looking at it—I'm looking at it right now. "Do you wish to proceed with the hearing as scheduled on this date? Yes." And I initialed it.

■ The hearing officer attempted to grant Smith the opportunity to present witness testimony in the parole violation hearing, but Smith rejected the offer and opted to continue with the hearing without Smith's witnesses present. Smith was given the opportunity to present his witnesses, yet he declined to take advantage of the process being given him and rejected the offer of a continuance. Smith waived his opportunity to present witnesses and his right to receive sufficient notice of the parole violation hearing. *Lubcke v. Boise City/Ada County Hous. Auth.*, 124 Idaho 450, 460, 860 P.2d 653, 663 (1993) (holding that procedural due process protections can be waived). Smith cannot now argue that he was not granted the opportunity to present witnesses when Smith refused to avail himself of the opportunity presented.

## V.

### CONCLUSION

The decision of the magistrate judge is affirmed. No costs or fees are awarded on appeal.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.