181 P.3d 1242

**Richard MATTOON, Petitioner–Appellant,**

v.

**Randy BLADES, Warden; Idaho State Correctional Institution; Idaho Commission of Pardons and Parole, Respondents.**

**No. 34583.**

Supreme Court of Idaho,
Boise, February 2008 Term.

March 28, 2008.

Richard Mattoon, Boise, appellant pro se.

The Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent.

J. JONES, Justice.

Richard Mattoon appeals a district court order dismissing his petition for writ of habeas corpus. Mattoon claims he was denied due process and equal protection of the law when the Commission of Pardons and Parole revoked his parole and forfeited time he had served on parole. The Court of Appeals affirmed the district court's order dismissing the petition. We granted review and affirm.

**I.**

In 1992, Richard Mattoon received a unified sentence of ten years with two years fixed for sexual abuse of a child under 16 years, a felony. He was released on parole on May 16, 1996, but his parole officer issued a violation report on July 18, 1996. After a violation hearing, Mattoon returned to parole. Mattoon agreed to additional restrictions as a condition of remaining on parole. In 1998, another report of violations was filed but Mattoon was allowed to remain on parole. As a result of a polygraph examination of Mattoon on April 22, 2002, indicating that he had violated several of the conditions of his parole, a parole violation hearing was held on May 29, 2002. The hearing officer found that Mattoon was in violation of several conditions of his parole, but requested reinstatement of parole for Mattoon. On July 9, 2002, the Commission of Pardons and Parole denied the hearing officer's request for reinstatement and "determined a parole revocation hearing was needed." On August 24, 2002, the hearing officer issued written parole violation findings with respect to the May 29, 2002 hearing, recommending that Mattoon's parole be revoked. On September 20, 2002, a parole revocation hearing was conducted by the Commission. The Commission adopted the findings of the hearing officer, concluded that Mattoon was in violation of the conditions of his parole and elected to revoke the parole. The Commission gave Mattoon credit on his sentence for his time on parole from May 16, 1996, through October 9, 1996, when he was reinstated following his first parole violation hearing (a period of 147 days), but forfeited the time from October 10, 1996, to April 23, 2002, a period of 2,021 days.

Mattoon filed a petition for writ of habeas corpus with the district court, alleging the Commission violated statutory provisions in revoking his parole and forfeiting his time and that his due process and equal protection rights had thus been violated. The State moved to dismiss pursuant to I.R.C.P. 12(b)(6) and 56(c). The district court summarily dismissed the petition. Mattoon appealed. The Court of Appeals affirmed the district court in an unpublished opinion. Mattoon requested and we granted review.

**II.**

We address the following questions: (1) whether the procedure employed by the Commission in revoking Mattoon's parole was violative of governing statutes, and (2)

636

whether the Commission's decision to forfeit the 2,021 days violated Mattoon's equal protection rights.

## A.

■■■ The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Robinson*, 143 Idaho 306, 307, 142 P.3d 729, 730 (2006). If the statutory language is unambiguous, " 'the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction.' " *Garza v. State*, 139 Idaho 533, 536, 82 P.3d 445, 448 (2003) (quoting *Payette River Property Owners Ass'n v. Board of Comm'rs of Valley County*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999)). The plain meaning of a statute therefore will prevail unless clearly expressed legislative intent is contrary or unless the plain meaning leads to absurd results. *Garza*, 139 Idaho at 536, 82 P.3d at 448. Where the statute is ambiguous, we attempt to ascertain legislative intent, and in construing the statute we may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Id.* Statutes are *in pari materia* if they relate to the same subject. Such statutes are construed together to effect legislative intent. *Gooding County v. Wybenga*, 137 Idaho 201, 204, 46 P.3d 18, 21 (2002). For a case on review from the Court of Appeals, we review the trial court's decision directly, albeit serious consideration is given to the Court of Appeals decision. *Quinlan v. Idaho Com'n for Pardons and Parole*, 138 Idaho 726, 729, 69 P.3d 146, 149 (2003).

## B.

On appeal, Mattoon does not challenge any of the factual findings below. Instead, he protests the application of the law to his case. Mattoon contends the Commission violated the provisions of I.C. § 20–229B in revoking his parole and, thus, violated his due process rights. He further argues that the Commission violated his due process and equal protection rights by deciding to forfeit 2,021 days of the time he spent on parole as a credit against the length of his sentence. On the other hand, the State contends that the Commission properly complied with its statutes in revoking his parole and forfeiting his time and, thus, his due process and equal protection claims are without merit.

### i.

Mattoon's first argument is based on the notion that when a parole revocation hearing is held before a hearing officer the Commission does not have the authority to review the hearing officer's decision. Two statutes are key to Mattoon's argument, I.C. § 20–229 and I.C. § 20–229B. I.C. § 20–229 provides, in part pertinent to Mattoon's case:

Whenever a paroled prisoner is accused of a violation of parole ... the parolee shall be entitled to a fair and impartial hearing of such charges.... The hearing shall be held before one (1) or more members of the commission for pardons and parole, or before an impartial hearings officer selected by the executive director.

I.C. § 20–229B provides the procedure after a parole revocation hearing has been concluded. It states,

After a factual parole revocation hearing has been concluded, the member or members of the commission for pardons and parole or the designated hearing officer, having heard the matter, shall enter a decision within twenty (20) days. *If the member or members or hearing officer, having heard the matter, should conclude that the allegations of violation of the conditions of parole have not been proven by a preponderance of the evidence, or those which have been proven by a preponderance of the evidence are not sufficient cause for the revocation of parole, then the parolee shall be reinstated on parole on the same or modified conditions of parole.* If the member or members or hearing officer, having heard the matter, should conclude that the allegations of violation of the conditions of parole have been proven by a preponderance of the evidence and constitute sufficient cause for the revocation of parole, then a dispositional hearing shall be convened during a regular session of the commission to execute an order of parole revocation and determine the period

of time the parole violator shall be returned to state custody.

*Id.* (emphasis added). Mattoon contends the italicized language mandates that the Commission defer to the hearing officer's recommendation about whether parole should be reinstated. The Commission's decision to review the recommendation, contends Mattoon, was violative of the statutory procedure constituting a violation of his due process rights.

■ A parolee has a restricted liberty interest in remaining out of prison and his parole may not be revoked without some orderly process. *Morrissey v. Brewer,* 408 U.S. 471, 482, 92 S.Ct. 2593, 2600–01, 33 L.Ed.2d 484, 494–95 (1972). However, because there is a risk that parolees may not be able to live in society without committing additional anti-social acts, a parolee's liberty interests are far more restricted than that of the general population. *Id.* at 483, 92 S.Ct. at 2601, 33 L.Ed.2d at 495–96. The State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial if he has failed to abide by the conditions of his parole. *Id.* Thus, the process due for a revocation of parole is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior. *Id.* at 484, 92 S.Ct. at 2601–02, 33 L.Ed.2d at 496.

This Court has determined that the procedures in Idaho's parole revocation statutes and rules meet the standards set forth in *Morrissey.* In *Smith v. Idaho Dept. of Correction,* 128 Idaho 768, 918 P.2d 1213 (1996), a habeas petitioner claimed he was denied due process because he could not compel witnesses to appear at his parole revocation hearing. *Id.* at 771, 918 P.2d at 1216. The Court found that Idaho's statutes, rules, and regulations regarding parole revocation complied with the basic requirements set forth in *Morrissey,* citing, specifically, Idaho Const. art. X, § 5; I.C. §§ 20–229–229A; I.C. § 20–223; and IDAPA 50.01.01.650.08 (now IDAPA 50.01.01.400.06). *Id.* at 772, 918 P.2d at 1217.

■ Mattoon claims that the hearing officer initially recommended his reinstatement to parole and that the Commission violated the provisions of I.C. § 20–229B by failing to abide by that recommendation. When I.C. § 20–229B is read in isolation, it appears to support Mattoon's argument. It says, "If the ... hearing officer, having heard the matter, should conclude that the allegations of violation of the conditions of parole ... which have been proven by a preponderance of the evidence are not sufficient cause for the revocation of parole, then the parolee shall be reinstated on parole...." However, I.C. § 20–229B is only one of several statutes pertaining to the parole process. In order to determine how decisions are to be made and carried out, the statutes must be considered together. They are *in para materia.*

The Idaho Constitution grants to the State Board of Correction the control, direction, and management of adult probation and parole. Idaho Const. art. X, § 5. However, parole responsibilities have long been shared between the Board of Correction and the Commission. As set out in *Mellinger v. Idaho Dept. of Corrections,* 114 Idaho 494, 757 P.2d 1213, (Ct.App.1988):

> Under I.C. § 20–223, the Commission has sole power to determine eligibility for parole. The Commission is further mandated to specify in writing the conditions of parole. I.C. § 20–228. The Board [of Correction], on the other hand, retains legal custody *and control* of the parolee. Accordingly, the Board also has the duty to supervise all probationers and parolees, make necessary investigations, report violations to the Commission or courts, and prepare case histories to assist the Commission or courts in making parole or probation decisions. I.C. § 20–219.

*Id.* at 499–500, 757 P.2d at 1218–19. The Court of Appeals went on to note that the Commission's functions under I.C. § 20–223 are "quasi-judicial in character—requiring the exercise of judgment in determining facts and applying legal standards entrusted to the Commission by law, and cannot be delegated." *Id.* at 500, 757 P.2d at 1219. The Court of Appeals did not mention it, but I.C. § 20–216 also recognizes this division of parole

responsibilities, requiring the Board to "enforce observance of rules and regulations for parole or probation established by the commission or the courts."

Nothing contained in I.C. §§ 20–216, 20–219, 20–223, or 20–228 lends support to the proposition that the duties of the Commission can be carried out solely by one member, let alone a hearing officer. Rather, I.C. § 20–223(a) vests in the Commission the power to establish rules, policies and procedures governing parole. The Commission has adopted rules pertaining to the parole revocation process. IDAPA 50.01.01.400. With respect to violation hearings, "[i]n most cases, a hearing officer will conduct a fact-finding or violation hearing and will make a finding on each allegation as to the guilt or innocence and may dismiss some or all allegations." IDAPA 50.01.01.400.06(f). However, the rules vest in the Commission the determination of whether or not parole will be revoked. IDAPA 50.01.01.400.06(g).[1] Nothing in the rules gives the hearing officer authority to make the decision to revoke or continue parole. I.C. § 20–229B does not specifically vest in the hearing officer the explicit authority to enter an order reinstating a parole, nor could it do so in light of the Commission's duty to determine eligibility for parole. Thus, the Commission had the sole authority to revoke Mattoon's parole and, therefore, Mattoon's due process rights were not violated.

In any event, the hearing officer did not make the type of finding specified in the language Mattoon cites from I.C. § 20–229B. The hearing officer determined at the conclusion of the factual inquiry that Mattoon had violated the conditions of his parole, but before the hearing officer reduced her findings to a report for filing in Mattoon's case, she requested that the Commission review the parole violation for possible reinstatement to parole. The Commission denied the request and the hearing officer then entered her written report finding Mattoon in violation of his parole and recommending revocation of his parole. Nothing in the record indicates the hearing officer "concluded" that the proven violations were "not sufficient cause for the revocation of parole." Thus, even if one

were to accept Mattoon's interpretation of the statute, he still would not be entitled to relief. Mattoon has not shown that the Commission violated any provisions of law and, therefore, any claim of a deprivation of due process must fail.

### ii.

■ Mattoon next claims that his due process rights were violated when the Commission forfeited the 2,021 days he spent on parole after his first parole violation without allowing him an opportunity to speak to that issue. The Commission forfeited Mattoon's time pursuant to I.C. § 20–228, which states, "Such person so recommitted must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the commission, in its discretion, shall determine otherwise. . . ." The Commission credited Mattoon with the 147 days he was on parole before his first probation violation under this statute. It determined he was not entitled to the remaining 2,021 days. The Court of Appeals has noted that the threat of forfeited time is an additional incentive to comply with parole. *See, e.g., Winter v. State,* 117 Idaho 103, 105–06, 785 P.2d 667, 669–70 (Ct.App.1989). Further, Mattoon received the benefit of a recent change to I.C. § 20–228 that allows the Commission not to forfeit all time spent on parole. The current version of I.C. § 20–228 allows the Commission discretion to credit time; the prior version of the statute automatically mandated forfeiture of all time spent on parole. As such, the current statute is more lenient.

I.C. § 20–228 does not implicate due process concerns. Mattoon is entitled to only limited due process in the revocation of parole because of his limited liberty status. As such, the forfeiture of his parole pursuant to a valid parole revocation hearing satisfies due process requirements. The Court of Appeals recently discussed whether I.C. § 20–228 is constitutionally valid in *Gibson v. Bennett,* 141 Idaho 270, 108 P.3d 417, (Ct. App.2005). In that case, the court considered whether forfeiture of time spent on parole implicated constitutional consider-

---

**1.** This procedure is essentially the same as that which this Court approved in *Smith.*

ations, such as prohibiting cruel and unusual punishment, violating separation of powers, or imposing double jeopardy on a parolee. *Id.* at 275–76, 108 P.3d at 422–23. The court concluded that none of these constitutional claims had any merit and affirmed the district court's dismissal of the petitioner's writ for habeas corpus, thus affirming the constitutionality of I.C. § 20–228. *Id.*

Given Mattoon's limited due process rights and the opportunity he had to speak at his parole revocation hearing, his lack of an opportunity to speak on the number of days that might be forfeited was not a violation of due process.

### iii.

Mattoon argues the Commission violated his equal protection rights by applying I.C. § 20–228 unequally between first-time parole violators and repeat parole violators. He states, "To credit parolees with one violation more 'street time' than parolees with more than one violation does not promote the stated aim of the legislature." Mattoon makes no cogent argument as to how he was deprived of equal protection of the law. The Commission acted within the terms of the statute, it had a rational basis for forfeiting the 2,021 days, and Mattoon has failed to show any equal protection violation.

### III.

The order of the district court, dismissing Mattoon's application for writ of habeas corpus, is affirmed.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON concur.

