**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40151**

| | | |
|---|---|---|
| STEVEN T. THOMPSON, | ) | 2012 Unpublished Opinion No. 773 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHANNA SMITH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent-Respondent on Appeal, | ) | BE CITED AS AUTHORITY |
| | ) | |
| OLIVIA CRAVEN, STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Order dismissing petition for writ of habeas corpus, <u>affirmed</u>.

Steven T. Thompson, Boise, pro se appellant.

Johanna Smith, respondent, did not participate on appeal.

---

MELANSON, Judge

Steven T. Thompson, an inmate, appeals pro se from the district court's order dismissing his petition for a writ of habeas corpus. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On June 11, 2012, Thompson filed a pro se petition for a writ of habeas corpus. Thompson alleged that he was entitled to credit against his sentence for 1,106 days he served on parole prior to revocation of his parole. Thompson asserted that a provision of Idaho Code § 20-228, calling for forfeiture of time spent on parole unless the Commission of Pardons and Parole (in its discretion) grants credit against the sentence, violates constitutional provisions relating to due process and equal protection. The district court issued an order of dismissal, pursuant to I.C.

1

§ 19-4209, prior to service on the respondents because the petition failed to state a claim of constitutional violation upon which relief could be granted. Thompson appeals.

## II.

## STANDARD OF REVIEW

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robison*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. §§ 19-4203(2)(a)-(e). Habeas corpus should not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act. I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada Cnty.*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989). If a petitioner is not entitled to relief on a petition for a writ of habeas corpus, the decision by the petitioned court to dismiss the petition without an evidentiary hearing will be upheld. *Brennan*, 122 Idaho at 917, 841 P.2d at 447.

2

## III.

## ANALYSIS

Thompson argues that his right to due process was violated, he was denied equal protection of the laws, and that the district court erred in following I.C. § 20-228 as opposed to the case of *In re Prout*, 12 Idaho 494, 86 P. 275 (1906)--essentially a separation of powers argument. Thompson's remaining arguments will not be addressed on appeal as he failed to raise them in his petition below. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

**A.      Due Process**

Thompson first argues he was denied due process[1] because the Commission did not hold a hearing before deciding not to credit him for time served while on parole and because there was no avenue to appeal that decision. The Due Process Clauses of the United States Constitution and the Idaho Constitution forbid the government from depriving an individual of life, liberty, or property without due process of law. U.S. CONST. amend. XIV; IDAHO CONST. art. I, § 13. To determine whether an individual's due process rights under the Fourteenth Amendment have been violated, a court must engage in a two-step analysis. *Schevers v. State*, 129 Idaho 573, 575, 930 P.2d 603, 605 (1996); *Briggs v. Kempf*, 146 Idaho 172, 175, 191 P.3d 250, 253 (Ct. App. 2008). It must first decide whether the individual's threatened interest is a liberty or property interest under the Fourteenth Amendment. *Schevers*, 129 Idaho at 575, 930 at 605; *Briggs*, 146 Idaho at 175, 191 P.3d at 253. Only if it finds a liberty or property interest will the court reach the next step in which it determines the extent of due process procedural protections. *Schevers*, 129 Idaho at 575, 930 P.2d at 605.

While there is a right to due process upon revocation of parole, *Smith v. Idaho Dep't of Correction*, 128 Idaho 768, 918 P.2d 1213 (1996), when and how the loss of "street time" is communicated to an individual is not a component of due process that must precede the decision to revoke parole. *Mattoon v. Blades*, 145 Idaho 634, 638, 181 P.3d 1242, 1246 (2008),

---

[1]      Thompson's brief appears to rely on the federal constitution Due Process Clause. However, to the extent it could be construed to invoke the Idaho Constitution as well, it is worth noting that Thompson has made no showing or any compelling argument concerning how the standards applied by the Idaho Constitution would be applied any differently than those of the U.S. Constitution. In the absence of such a showing, this Court normally applies federal constitutional standards. *See State v. Radford*, 134 Idaho 187, 190, 998 P.2d 80, 83 (2000).

*abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). In this case, Thompson did receive hearings before each revocation of parole and has not shown that he was deprived of due process in those hearings. Therefore, Thompson's argument that he was deprived of due process is without merit.

**B.      Equal Protection**

Thompson next asserts he was denied equal protection of the laws under the federal constitution because there are some individuals who are given credit for time served while on parole, yet he was denied this credit. The Equal Protection Clause of the Fourteenth Amendment is designed to assure that those persons similarly situated with respect to governmental action are treated similarly. *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *State v. Missamore*, 119 Idaho 27, 33, 803 P.2d 528, 534 (1990); *State v. Hayes*, 108 Idaho 556, 560, 700 P.2d 959, 963 (Ct. App. 1985); *see also Aeschliman v. State*, 132 Idaho 397, 401, 973 P.2d 749, 753 (Ct. App. 1999) (holding equal protection requires that persons in similar circumstances receive the same benefits and burdens of the law). Selective or discriminatory enforcement or application of a statute may amount to an equal protection violation under the Idaho or United States Constitution if the challenger shows a deliberate plan of discrimination based on some unjustifiable classification. *Anderson v. Spalding*, 137 Idaho 509, 514, 50 P.3d 1004, 1009 (2002); *Henson v. Dep't of Law Enforcement*, 107 Idaho 19, 23, 684 P.2d 996, 1000 (1984); *Hayes*, 108 Idaho at 560, 700 P.2d at 963. Alternatively, a "class of one" may state an equal protection claim if he or she was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Anderson*, 137 Idaho at 514, 50 P.3d at 1009. Different levels of scrutiny apply to challenges under the Fourteenth Amendment's Equal Protection Clause. Strict scrutiny applies to fundamental rights and suspect classes, intermediate scrutiny applies to classifications involving gender and illegitimacy, and rational basis scrutiny applies to all other challenges. *State v. Mowrey*, 134 Idaho 751, 754-55, 9 P.3d 1217, 1220-21 (2000). Under rational basis review, the burden is on the challenging party to prove that the state's goal is not legitimate, that the challenged law is not rationally related to the legitimate government purpose, and that there is not any conceivable state of facts which will support it. *Id.*

Because Thompson has not alleged any facts that would trigger strict or intermediate scrutiny, rational basis review applies. Further, Thompson has not alleged facts to demonstrate

4

that, in applying I.C. § 20-228, the Commission treated him differently than any other similarly situated parolee or effectuated any deliberate plan of discrimination based on an arbitrary or unjustified classification. Thus, the district court was correct in concluding that Thompson's equal protection claim fails as a matter of law.

## C.     Failure to Follow Precedent

Thompson argues that the district court erred by failing to follow the precedent of *In re Prout* and, instead, abided by the later enacted statute, I.C. § 20-228.[2] The power to define crimes and prescribe penalties belongs to the legislative branch, while the authority to sentence offenders who have been found guilty of those crimes lies with the judiciary. *Gibson v. Bennett*, 141 Idaho 270, 276, 108 P.3d 417, 423 (Ct. App. 2005). Parole is within the legislative scope of establishing suitable punishment for various crimes. *Id.* Because our legislature can make any law that is not unconstitutional and has broad powers to make laws governing pardons and prisons, I.C. § 20-228 is a valid exercise of legislative power to define crimes and their penalties and does not violate the separation of powers. To the extent that the two conflict, the district court properly followed the unambiguous language of I.C. § 20-228, as opposed to *In re Prout*, 12 Idaho 494, 86 P. 275.

## D.     Access to the Courts

Finally, Thompson contends that, by requiring him to pay the clerk's fee on appeal, that he was denied access to the courts. However, Thompson paid this fee and his appeal is currently before this Court. Therefore, the issue is moot and we will not review it. *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004) (holding if the parties lack a legally cognizable interest in the outcome or when the issues presented are no longer live, the issues are moot and preclude review).

### III.

### CONCLUSION

Because Thompson received the necessary hearings before each revocation of parole, he has failed to demonstrate a violation of due process. Further, because Thompson failed to demonstrate how he has been treated differently from any other similarly situated individual, his equal protection claim fails. The district court correctly followed I.C. § 20-228 as opposed to *In*

---

[2]     While Thompson characterizes this argument as one originating in due process, it is more accurately viewed as a separation of powers argument.

*re Prout* and Thompson's claim that he was denied access to the courts is moot.  Therefore, the district court's order dismissing Thompson's petition for a writ of habeas corpus is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**